**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

INFINITY AUTO INSURANCE
COMPANY, f/k/a LEADER
INSURANCE COMPANY,

    Plaintiff,

vs.                                          CASE NO. 3:08-cv-457-J-20TEM

YVETTE RUSSELL,
and CLAY WILBER,

    Defendants.
_____

## **O R D E R**

This case is before the Court on Plaintiff's Notice of Filing (Doc. #5), filed June 30, 2008. Plaintiff gives notice of filing the Affidavit of Lost Original Summons, in which Plaintiff's attorney Ryan K. Hilton, Esq., has sworn the original summons directed to Defendant Clay Wilber has been lost and has not been served. Plaintiff's counsel also requests the Clerk of Court issue an alias summons (Doc. #5 at 4). The Notice of Filing was served on opposing counsel (Doc. #5 at 2).

As a preliminary matter, the Court notes that a request for relief contained within any filed document, other than a motion directed to the substance of the sought relief or an appropriate pleading such as a complaint, is in contravention of the rules of this Court. *See* Loc. R. 3.01, U.S. Dist. Ct. M.D. Fla. (requiring that all applications to the Court requesting relief in any form shall be made in writing in the appropriate form under Local Rule 1.05 (which specifies the filing of a motion)); Fed. R. Civ. P. 7(b) (specifying that a request for a court order must be made by written motion). A request for issuance of an alias

summons is a matter for the Court's consideration.  The parties are advised to closely adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court in all future filings.

An alias summons is necessary in this instance to effect service of process on Defendant Clay Wilber where service of the first summons may be defective.  Rule 4 of the Federal Rules of Civil Procedure provides for the issuance and service of summons. Although language referring to "separate and additional summons" was eliminated from Rule 4 during the 1993 amendments, there is no reason to believe the practice of issuing additional, replacement or alias summons was intended to be changed with the 1993 amendments. 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1085 (3d ed. 2002).  There are many circumstances where the issuance of an additional summons is not only appropriate, but necessary for the action to continue. Such is the case here, where Plaintiff's attempted service may be defective in view of the sworn affidavit stating the original summons to Defendant Clay Wilber was lost.  Thus, the Court will broadly construe the Notice of Filing as a motion for its consideration.[1]

Accordingly, upon due consideration it is hereby

**ORDERED:**

1.   Plaintiff's Notice of Filing, construed as a motion for issuance of an alias summons (Doc. #5) is **GRANTED**.

2.   Plaintiff is directed forthwith to provide the Clerk of Court with a properly

---

[1] Under the facts presented, the Court concludes the construed motion is clearly due to be granted and will thus issue its ruling without awaiting the normal response period.  *See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.

prepared Alias Summons.

  2.  The Clerk is directed to sign and issue the Alias Summons upon receipt. The Clerk shall return the signed summons to Plaintiff's counsel so that he may cause such summons to be served upon Defendant Clay Wilber in this case.

  **DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2007.

Copies:
All counsel of Record
*Pro Se* Parties, if any

*(signature)*
**THOMAS E. MORRIS**
United States Magistrate Judge